Plaintiff, a judgment creditor, appeals from dismissal of an action to set aside a deed and to establish a lien on property allegedly conveyed by the judgment debtor to his wife for the purpose of defrauding the judgment creditor. We reverse and remand.
Plaintiff filed a complaint alleging the following: that plaintiff obtained a consent judgment against W.J. Byrd, the judgment debtor, in federal court in 1959; that on July 28, 1975, plaintiff obtained an order in federal court reviving the judgment; that on the same day, the judgment debtor Byrd executed and recorded a deed to his wife which purported to convey to her all his right and interest in their residence property; that the deed was totally without consideration and was executed for the purpose of defrauding the judgment creditor of his security, viz., his lien on the property; that Byrd's wife was fully aware of all the facts alleged in the complaint, and that she conspired with her husband to defraud plaintiff.
Defendants, the judgment creditor and his wife, filed a motion to dismiss the complaint. The trial court granted the motion for failure to state a claim upon which relief can be granted. Rule 12 (b)(6), ARCP.
The first ground for dismissal is that "it affirmatively appears on the face of the Plaintiff's Complaint that judgment of the Plaintiff . . . was not filed for record in the Office of the Judge of Probate of Jefferson County, Bessemer Division, and that the Plaintiff had no lien on the property of the Defendants."
Defendants argue that the filing of the judgment with the probate judge is a circumstance constituting the alleged fraud which should have been alleged in accordance with Rule 9 (b), ARCP.[1] Defendants cite no authority to support this proposition, but seem to assume that a creditor must have an established lien before he can seek relief for a fraudulent conveyance. That assumption is not the law in Alabama.
Title 20, § 7, Code of Alabama, provides that
 "[a]ll conveyances, or assignments in writing, or otherwise, of any estate or interest in real or personal property . . . made with intent to hinder, delay, or defraud creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts, or demands . . . are void."
An action to set aside a fraudulent conveyance may be brought even though the debt, claim, or demand has not been reduced to a judgment. Roddam v. Martin, 285 Ala. 619, 622, 235 So.2d 654
(1970). Would the rights of a creditor be diminished because he has reduced his claim to a judgment? Clearly, not.
Furthermore, under Title 7, § 897,
 ". . . [a] creditor without a lien may file a bill in equity to discover, or to subject to the payment of his debt, any property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by his debtor." [Emphasis supplied.]
"Creditor without a lien" includes a judgment creditor without a lien. Wooten v. Steele, 109 Ala. 563, 565, 19 So. 972 (1896). This statute has been applied to actions to set aside fraudulent conveyances. E.g., Roddam v. Martin, supra; Wootenv. Steele, supra.
These authorities would seem to make it clear that a judgment creditor need not have an established lien before he can *Page 186 
bring an action to set aside a fraudulent conveyance. If the law were to the contrary, a judgment debtor could prevent his judgment creditor from subjecting his property to payment of the debt by conveying it before the judgment creditor could file his judgment. See Title 7, §§ 584, 585. Since having a lien is not a condition precedent to a judgment creditor's bringing an action to set aside a fraudulent conveyance, the acquisition of a lien by filing the judgment is not a circumstance constituting the fraud which needs to be stated with particularity.
In other circumstances, an allegation that the judgment has been filed might serve as an allegation that the transferee had actual or constructive notice of the judgment creditor's claim. However, in this case, the creditor has alleged that the transferee, the debtor's wife, was aware of the judgment creditor's claim and that she conspired to defraud him. That allegation of notice is sufficient. Moreover, the judgment creditor has alleged that the deed was totally without consideration, i.e., that the conveyance was voluntary. Where the conveyance is voluntary, it is not necessary to show that the grantee participated in the actual fraud. Plann v. Morris,239 Ala. 176, 179, 194 So. 518 (1940).
Defendants' second ground for dismissal, viz., "that it affirmatively appears on the face of the Plaintiff's Complaint that if the judgment of the Plaintiff's was obtained on April 3, 1959, . . . there was no effort on the part of the Defendants to defraud the Plaintiff in any way," is somewhat obscure. Defendants appear to be arguing that the judgment debtor's failure to convey the property sooner affirmatively shows that he was not trying to defraud the creditor when he did convey. If that fact has any significance, it is relevant on the question of the debtor's intent. It does not, however, negate intent to defraud as a matter of law and does not provide a basis for dismissal under Rule 12 (b)(6).
Defendants' third ground for dismissal is "that the Plaintiff's Complaint fails to state a cause of action against either or both of the Defendants." Their fourth ground is "that Plaintiff's complaint fails to allege any fraud by the Defendants on the Plaintiff." Both of these grounds seem to be based on the contention that plaintiff has failed to state with particularity the circumstances constituting the alleged fraud, as required by Rule 9 (b), ARCP. As already noted, defendants contend that filing of the judgment is a circumstance constituting the alleged fraud and should have been stated with particularity. They point to no other allegation that should have been made by plaintiff.
Rule 9 (b), ARCP, provides,
 ". . . In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."
As pointed out in the Committee Comments, this rule
 ". . . is a qualification of the generalized pleading permitted by Rule 8 (a). But this special requirement as to fraud and mistake does not require every element in such actions to be stated with particularity. It simply commands the pleader to use more than generalized or conclusory statements to set out the fraud complained of. The pleading must show time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained. . . . While the requisites of good pleading in an action for fraud and mistake are thus practically the same as under present Alabama decisions, the present rule of construction against the pleader does not apply under these rules. See Rule 8. Thus it should be expected that the courts will strive to find the details necessary for the sufficiency of such a complaint, if the pleading gives fair notice to the opposing party whereas heretofore the same pleading would have been held insufficient. . . ." *Page 187 
Plaintiff's complaint states the existence of the judgment debt, the location of the property conveyed, the date of the conveyance, the alleged intent, the absence of consideration, the relationship of the grantor and the grantee, etc. What more could plaintiff have stated as to the circumstances constituting the alleged fraud without being charged with pleading evidence?
We conclude that the judgment creditor's complaint stated a claim upon which relief can be granted and stated the circumstances constituting the alleged fraud with sufficient particularity. We reverse and remand.
REVERSED AND REMANDED.
HEFLIN, C.J., and FAULKNER, SHORES and EMBRY, JJ., concur.
[1] Defendants and the trial court assume that the appropriate method for enforcing Rule 9 (b) is a motion to dismiss under Rule 12 (b)(6). This assumption would appear to be based on the practice of using a demurrer to test the sufficiency of allegations of fraud prior to the adoption of the Alabama Rules of Civil Procedure. For purposes of deciding this case, we do not question this assumption, but we refer the reader to Wright Miller, Federal Practice and Procedure: Civil § 1300, for a discussion of the problem.