This is a fraud case
Linda Beasley sued National Security Insurance Company and R.J. White, claiming damages for fraud. A jury found in favor of Beasley and against both defendants and awarded damages in the amount of $8,000
National Security appeals and we affirm
The dispositive issues are (1) whether there was evidence to support the jury's finding that Beasley suffered damages as a result of the defendants' alleged fraud and (2) whether the trial court erred in refusing to instruct the jury that punitive damages could not be recovered in this case
The record reveals the following facts:
R.J. White was employed as a soliciting agent by National Security. As soliciting agent White was authorized to fill out applications for insurance and submit them to National Security for approval or rejection *Page 925 
In May of 1979, White agreed to sell Beasley a hospitalization policy. While filling out the application for insurance, White asked Beasley if she suffered from arthritis Beasley testified that she told White that she had been treated for "a touch of arthritis." She also testified to the effect that she told White that she had been unable to obtain insurance from other companies and that she asked him whether her physical condition would prevent her from getting a policy from National Security. Beasley testified that White asked her additional questions concerning her arthritis and its diagnosis and treatment and that he, upon hearing her answers, marked "no" on the application in response to its question concerning arthritis. Beasley then testified that she asked White if he was sure that the company would pay off and that White had answered "yes." There is also evidence indicating that White, with regard to the arthritis question, remarked that "what they [the company] don't know won't hurt them."
Beasley paid an initial premium of $19. The policy went into effect on May 14, 1979, and was in force when Beasley was hospitalized for lower back pain on August 20, 1979. Beasley's hospital bill totaled $465. She filed a claim with National Security. The claim was denied on the ground that the hospitalization was due to a pre-existing condition which was not covered by the policy
As indicated, National Security through counsel contends that Beasley failed to prove that she was damaged by White's misrepresentations
Damage is an essential element of actionable fraud. Law vLaw, 381 So.2d 76 (Ala.Civ.App. 1980); 10A Ala. Digest, Fraud
Key 25. However, our review of the record discloses ample evidence from which the jury could have concluded that Beasley was damaged. Specifically, Beasley incurred a hospital bill of $465 which was not paid. It cannot be contended that the alleged misrepresentation, the malady causing Beasley's hospitalization and the denial of Beasley's claim by National Security were not related. Beasley's medical records, which were in evidence, disclosed that she had been treated for low back pain since October of 1977 and that the problem may have been due to arthritis. In addition, she lost the time value of the money she paid in premiums and the opportunity to obtain other coverage by relying on the protection of the policy as represented by White. National States Insurance Co. v. Jones,393 So.2d 1361 (Ala. 1980)
To recover for fraud the plaintiff need not prove the exact extent of her damages, but only that she has been damaged. Such proof will support an award of nominal damages. Long-LewisHardware Co. v. Lightsey, 392 So.2d 545 (Ala.Civ.App. 1980),cert. denied, 392 So.2d 548 (Ala. 1981)
From the above, we find that there was evidence from which the jury could conclude that Beasley was entitled to at least nominal damages
In addition, National Security contends that the trial court erred by refusing to instruct the jury that punitive damages could not be recovered in this case
Once the plaintiff has shown that she is entitled to actual or even nominal damages, punitive damages may be awarded,National States Insurance Co. v. Jones, supra, if there is evidence from which the jury can conclude that the fraud was malicious, oppressive, or gross and that the representations were made intentionally and with knowledge of their falsitySpartan Pools v. Royal, 386 So.2d 421 (Ala. 1980)
As stated above, there was evidence to support an award of at least nominal damages; therefore, an award of punitive damages would be proper, provided the other prerequisites were satisfied
In the instant case, there was evidence that White was aware of Beasley's history of arthritis when he filled out her application for coverage. There was evidence indicating that White assured Beasley that her arthritis and his "no" answer on the application would not prevent coverage. There was also evidence that it was *Page 926 
White's duty as soliciting agent for National Security to fill out applications for insurance. Finally, there was evidence indicative of White's attitude towards Beasley's insurance needs and her rights in general, specifically "what they don't know won't hurt them." From this we find that the jury could have reasonably concluded that White knew that Beasley's arthritis would not be covered and that he intended to deceive her when he marked "no" on the application and told her that she would have coverage
Put another way, we find that the trial judge did not err in refusing National Security's requested jury charge and that he did not err in instructing the jury that punitive damages could be awarded in the instant case
Finally, National Security contends that it should not be liable for the acts of White, its agent
A principal is liable for his agent's fraud though committed without the principal's participation or consent, if it is done in the course of the agent's employment. District 20, UnitedMine Workers of America v. Sams, 287 Ala. 312, 251 So.2d 613
(1971); Shelton v. Duncan, 385 So.2d 1329 (Ala.Civ.App. 1980) In the instant case, there is evidence that White made the alleged misrepresentation to Beasley while acting in the course of his employment. Therefore, the jury could properly find National Security liable for the acts of its agent, White
For the reasons stated above, the case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur