TORBERT, Chief Justice.
Plaintiffs Marion and Margaret Walker purchased a lot from defendant Harry McConnell and his late wife on June 19, 1976. At the time of purchase, plaintiffs asked Judy McConnell, the real estate agent and daughter of the McConnells, whether the lot would qualify for financing through the Veterans Administration (VA) or the Federal Housing Administration (FHA) if plaintiffs built a home on it. She allegedly replied that it would. Subsequently, it was discovered that the plat of the lot prepared by Henry Norden, now deceased, which was used to describe the property in the deed, indicated that a 60-foot easement had been given Mobile County along Old Pascagoula Road instead of the 80-foot easement which was actually conveyed. Because of the 80-foot easement, the lot would not qualify for VA or FHA financing for building a home because it did not have the required square footage to accommodate a septic tank and well.
The Walkers sued, alleging breach of warranty by Harry McConnell and fraud by Harry McConnell, Judy McConnell, and Henry Norden.[1] The defendants moved for summary judgment, claiming the statute of limitations had run on the fraud counts. Norden also contended that he had made no representations to the Walkers and, therefore, that they could not have relied on any misrepresentation. The McConnells also contended that the Walkers had failed to show they were damaged by the alleged fraud or breach of warranty. The defendants’ motions for summary judgment were granted, and this appeal followed.
The standard for granting summary judgment has been stated as follows:
“Summary judgment shall be rendered if the pleadings, depositions, interrogatory answers, or affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), ARCP. The burden of proof is on the movant to establish the absence of any issue of a material fact. Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). If there is a scintilla of evidence supporting the position of the party against whom the motion is made, summary judgment cannot be granted. Rule 56(c), ARCP, Committee Comments; Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975). The court must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to the non-moving party. Tolbert v. Gulsby, 333 So.2d 129 (Ala.1976).”
Ray v. Montgomery, 399 So.2d 230 (Ala.1980).
Defendants claim summary judgment was proper because the pleadings fail to allege with specificity the circumstances surrounding the discovery of the fraud. Amason v. First State Bank, 369 So.2d 547 (Ala.1979). However, defendants’ motions for summary judgment were based *1314 only upon allegations that there were no genuine issues of material fact, and therefore were insufficient to raise the lack-of-particularity issue. McLaughlin v. Alabama Farm Bureau Mutual Casualty Insurance Co., 437 So.2d 86 (Ala.1983).
Defendants contend that the fraud actions were time barred because they were brought more than one year after the alleged fraud was discovered. The sale of the lot occurred in 1976 and this action was not brought until January of 1980. The Walkers’ complaint said the fraud was discovered in 1979. Marion Walker testified in his deposition that he discovered the fraud in the spring of 1978 when he began compiling the paperwork necessary to obtain VA approval for the home he proposed to build. In Mr. Walker’s affidavit, filed in opposition to the motion for summary judgment, he claims his prior statement was incorrect. He states that he did not seek VA approval until he received his deed from Judy McConnell. He did not receive the deed until after Judy McConnell had recorded it. The recordation took place in December of 1978. Therefore, he states, it must have been the spring of 1979 rather than 1978 that he discovered the alleged fraud. Because there was a dispute as to this factual issue, summary judgment as to the fraud count on this ground was inappropriate.
In order to make out a claim for fraudulent misrepresentation, whether the defendant acted wilfully, recklessly, or mistakenly, there must be (1) a false representation, (2) which concerns a material existing fact, and (3) the plaintiff must rely on that false representation, and (4) the plaintiff must be damaged as a proximate result. McLaughlin, supra; International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala.1977).
Norden contends that the Walkers did not rely on Norden’s alleged misrepresentation and, therefore, that summary judgment as to Norden on the fraud count was appropriate. The only evidence presented on this issue is the deposition testimony of Mr. Walker. The relevant portion of his testimony is as follows:
“Q. Did you ever discuss this matter with Mr. Norden, who originally allegedly made the survey of the subdivision?
“A. No, sir. I didn’t know Mr. Henry Norton. I understand he was a good engineer.
“Q. Did you just testify that you had never met Mr. Henry Norden?
“A. That’s right.
“Q. Did you personally ever see the plat which Mr. Norden prepared which shows McConnell’s subdivision of which you purchased a lot?
“A. I saw the recorded copy of it in the Probate Office. Is that sufficient?
“Q. Yes, sir. When did you see that?
“A. After Mr. Adams called me and told me it was a 60-foot right-of-way.
“Q. About what year would that have been?
“A. ’78.
“Q. So this was after you purchased your lot when you saw this plat?
“A. That’s right.
“Q. When you bought the lot, did you purchase title insurance on it?
“Q. ... Would you tell me who was the first person to show you the plat prepared by Mr. Norden?
“A. Probate Court, the people in the Probate....
“Q. Okay. That’s fine. Did you ever check the Probate records here in Mobile County prior to purchasing your lot for any easements, rights-of-way, or anything of that sort?
“A. No, I did not.”
This testimony shows that at the time the Walkers purchased the lot, they had neither talked to Norden nor examined the plat he prepared; therefore they could not have relied on any misrepresentation he may have made in purchasing the lot. Summary judgment for Norden on the fraud counts was therefore proper.
*1315 The remaining defendants, Harry McConnell and Judy McConnell, contend that summary judgment on the fraud and warranty counts was appropriate because the Walkers failed to prove they were damaged. The Walkers contend that the damage is their inability to obtain VA approval to build a home on the lot because the lot does not contain the unencumbered number of square feet the deed purported to convey and therefore does not meet YA requirements. The defendants point out that the Walkers never formally applied for VA approval. They also contend that plaintiffs failed to establish any specific monetary loss and that plaintiffs did not attempt to obtain a waiver of the VA requirements.
While we agree that plaintiffs could have gone to greater lengths to document their damages, on summary judgment the only question is whether defendants have conclusively shown as a matter of fact that plaintiffs were not damaged. The facts as alleged by plaintiffs are sufficient to raise an inference of actual damages — in that they got something less than they thought they were getting — and this inference is sufficient to raise an issue of fact. This issue of fact has not been negated by defendants’ evidence offered on their motion for summary judgment.
In summary, we affirm the summary judgment on the claims against Norden and reverse the summary judgment on the claims against Judy McConnell and Harry McConnell.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, JONES, SHORES and BEAT-TY, JJ., concur.

. After suit was filed, Mr. Norden died and the executrices of his estate, Mary Norden and Catherine Garin, were substituted as defendants. For convenience, we will still refer to defendant Norden.