J.E. HAYNES and Hilda Haynes, Plaintiffs-Appellants,

v.

ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

No. 84–7011.

United States Court of Appeals, Eleventh Circuit.

Jan. 4, 1985.

Stephen D. Heninger, Birmingham, Ala., William H. Atkinson, Hamilton, Ala., for plaintiffs-appellants.

Julian P. Hardy, Birmingham, Ala., for defendant-appellee.

Before RONEY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an appeal by an assured from the dismissal by the trial court of the insured's claim for punitive damages under the Alabama law where a refusal to pay the amount of the insurance coverage in the event of a loss is a bad faith refusal. Since a careful reading of the transcript of the record in the original suit in which the insurer recovered part of the amount claimed clearly supports the trial court's statement with respect to the existence of a bona fide conflict in the evidence relating to a defense of arson and that there are "arguable" reasons for defendant's "refusal" to pay, we affirm the judgment on the basis of the trial court's memorandum opinion which is attached as an Appendix 1.

The judgment is AFFIRMED.

## APPENDIX 1

### MEMORANDUM OPINION

This cause comes on to be heard on defendant's Motion for Partial Summary Judgment filed on November 18, 1983. Prior to trial the court severed Count II of plaintiff's complaint under the provisions of Federal Rules of Civil Procedure Rule 42(b) and reserved ruling on the Motion for Partial Summary Judgment.

This opinion is based upon the depositions, affidavits and exhibits submitted in support of and opposition of the motion, the statements made on the record on December 5, 1983 and the evidence adduced at the trial.

The court will not incant the well established, well known restrictions on the grant of summary judgment. However, it should be kept in mind that we are not concerned with only whether there are disputed issues of fact as to the merits of the case, but whether there are disputed issues of fact with regard to what has been discovered by the defendant during the course of its investigation upon which it can, as a matter of law, reasonably rely in refusing or delaying to make payment.[1] It is undisputed that there has been a reasonable, bona fide conflict in the evidence. Further there are the following, *inter alia*, "arguable" reasons for defendant's "refusal" to pay.

1. There is at least an inference that accelerants were found in the residence. The fire was a rapid developing fire.

2. An independent fire investigator advised defendant and testified that, in his opinion, the fire was of incendiary origin.

3. There was a bona fide dispute as to whether there were two separate fires in two separate locations. Some witnesses testified yes, some no.[2]

4. Hunsaker and Perkins testified that one of the fires could not be put out with water. This is indicative of an accelerant.

5. Plaintiffs had a number of debts, some of which were secured by liens, and they were being pushed by creditors for some of the debts which were in arrears.

---

1. A separate issue is whether defendant has ever "refused" to make payment. That issue need not be decided. However, in a similar case the Alabama Supreme Court stated: "It should be remembered that the bad faith refusal cause of action does not elevate an insurance company's exercise of caution into an intentional failure to pay or into a dishonest purpose.... The facts of this case demonstrate not a refusal to pay in accord with a dishonest purpose, but [a] decision to delay a final determination to pay or not to pay based upon a mistake...." *Prudential Ins. Co. of America v. Coleman*, 428 So.2d 593, 598–99 (Ala.1983). The court in that case *reversed* the trial court for *not* granting summary judgment. Similarly in the case at hand All-

state's letter of rejection did not explicitly refuse to pay the claim but stated that the investigation was continuing. It would appear, although the court does not definitively decide, that the defendant had enough evidence to at least continue its investigation and that its "rejection" of the proof of loss combined with an express intent to continue its investigation, may not have been a "refusal." *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 271 N.W.2d 368, 377 (1978), cited by plaintiff, speaks of a reasonable basis for "delayed payment of the claim under the facts and circumstances."

2. The Blacks and perhaps Taggert, "no." Hunsaker and Perkins, "yes."

6. After the loss the plaintiffs did not mention several debts, and incorrectly stated the amount or status of others.

7. After the subject loss, plaintiffs did not disclose the 1978 fire loss.

8. After the loss plaintiffs did not disclose State Farm's declination to renew.

9. Mrs. Haynes met her husband's roommate at the house at about 9:30–10:00 P.M. on the night of the fire.

10. Neither the children nor Mr. and Mrs. Haynes were at the house on the night of the fire. Mr. Haynes was in Corinth, Mississippi. The children and Mrs. Haynes did not stay there because of a water leak which had occurred for the first time and was observed only by Mrs. Haynes.

11. There was a dispute as to the amount owed. The jury verdicts plus the amounts for which defendant was entitled to a credit totalled at least $26,000.00 less than the amount claimed in the proof of loss.

It should be again noted that the court does not find all of the issues above stated to be undisputed as to the facts alleged. The court only finds that there is no dispute that the defendant has had before it the foregoing arguable reasons for its "refusal" to pay.

During the brief period after Alabama recognized the tort of bad faith in 1981, the Alabama appellate courts have affirmed at least three cases in which the trial courts have granted summary judgment on the bad faith issue. There have been other cases in which the Alabama appellate courts have held that directed verdicts were or would have been appropriate. In *McLaughlin v. Alabama Farm Bureau Mutual Casualty,* 437 So.2d 86 (Ala.1983), the court quoted *National Security Fire & Casualty Co. v. Bowen,* 417 So.2d 179 (Ala. 1982) as saying:

"When a claim is fairly debatable, the insurer is entitled to debate it, whether the debate concerns a matter of fact or

law.... The 'debatable reason' under (c) above means an arguable reason, one that is open to dispute or question." 437 So.2d at 90.

*McLaughlin* also quotes *National Savings Life Ins. Co. v. Dutton,* 419 So.2d 1357 (Ala.1982) as stating, "Ordinarily, if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the tort claim must fail and should not be submitted to the jury." 437 So.2d at 90.

Although *McLaughlin* was decided on motion for summary judgment, the court stated as part of its reason for affirming that "We are of the opinion that the plaintiff *was not entitled to a directed verdict* on the contract claim as required by *National Savings Life Insurance Co. v. Dutton,* supra, because there was *conflicting information* before the trial court on each of the reasons for denial of coverage. Specifically, there was *conflicting information* about the cause of the fire, the inventory listing submitted and the misrepresentation in the application." (Emphasis added) 437 So.2d at 91.[3]

In *Federated Guaranty Life Ins. Co. v. Wilkins,* 435 So.2d 10 (Ala.1983), the trial court was reversed for refusing the defendant's motion for directed verdict on the claim alleging a bad faith refusal to pay. The Supreme Court of Alabama stated, "Clearly, under the present facts, a reasonable basis existed for refusal of the claim and would, thus, defeat a tort action for bad faith refusal to pay the claim." 435 So.2d at 13. *Wilkins* cites *Dutton, supra,* as stating: "In the normal case in order for a plaintiff to make out a prima facie case of bad faith refusal to pay an insurance claim, the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim and, thus, entitled to

---

**3.** In *Madison County Sheriff's v. Horseman's United Association, Inc.,* 434 So.2d 1387 (Ala. 1983), the Alabama Supreme Court affirmed another grant of summary judgment on the bad faith issue. However, the facts in that case

were not closely related to those here as were those in *McLaughlin.* The same is true as to *Quick v. State Farm Mutual Auto Ins. Co.,* 429 So.2d 1033 (Ala.1983).

recover on the contract claim as a matter of law." 435 So.2d at 13.

The conflicts of evidence in this case are distinguishable from those in *Dempsey v. Auto Owners Ins. Co.*, 717 F.2d 556 (11th Cir.1983). In *Dempsey* the court acknowledged that, "Motive was circumstantially presented by showing the Dempsey's excessive debt. Opportunity was inferred from Dempsey's presence nearby and convenient access by boat. The incendiary cause element was attempted on the weakest of evidence. The record shows that the state fire marshal and *other insurance investigators* found no evidence of arson." (Emphasis added)[4] Here there was evidence of misrepresentations, accelerants, two fire locations, and an investigator's opinion of incendiary origin.[5] Furthermore, there was no evidence in this case of the egregious circumstances in *Dempsey* which kept it from being a "normal case" as discussed in *Dempsey* and *Dutton.*

*Dempsey* quotes *Safeco Ins. Co. of America v. Sims*, 435 So.2d 1219 (Ala. 1983), as amplifying the "directed verdict" standard by saying "Rather, this test is intended as an objective standard by which to measure plaintiff's compliance with his burden of proving that defendant's denial of payment was without any reasonable basis either in fact or law; *i.e.*, that *defendant's defense to the contract claim is devoid of any triable issue* of fact or reasonably arguable question of law."

Under any view of the evidence in this case there is a conflict which is based on a bona fide, reasonable, arguable basis. There was certainly a triable issue. The motion will be granted.

This the 16th day of December, 1983.

/s/   ROBERT B. PROPST
UNITED STATES DISTRICT
JUDGE

---

**4.** In *Dempsey* the trial court directed a verdict against the defendant on the arson defense. Although the trial court allowed misrepresentation defenses to be decided by the jury, the appellate court *apparently* decided that a directed verdict would also have been appropriate as to those defenses.

**5.** Plaintiff has argued that "an expert may not give an opinion on the cause of the fire since this is an ultimate issue for the jury." However, see F.R. of Evidence 704.