I respectfully dissent from that part of the decision which places the trial court in error for granting defendant's motion for partial summary judgment as to plaintiff's bad faith claim. In McLaughlin v. Alabama Farm Bureau Mutual Casualty InsuranceCo., 437 So.2d 86, 91 (Ala. 1983), this Court stated:
 "If any one of the reasons for denial of coverage is at least "arguable," this Court need not look any further. We are of the opinion that the plaintiff was not entitled to a directed verdict on the contract claim, as required by National Savings Life Insurance Co. v. Dutton
[419 So.2d 1357] supra, because there was conflicting information before the trial court on each of the reasons for denial of coverage. Specifically, there was conflicting information about the cause of the fire, the inventory listing submitted, and the misrepresentation in the application. *Page 403 
For example, while McLaughlin and his son maintain that they told agent Terry Barnes about the prior lawsuit, Albert E. Hatfield, the state fire claims supervisor for Farm Bureau, indicated that Barnes had told him that the application was filled out in accordance with the responses given by McLaughlin. Thus, there was a genuine dispute about information on the application, and that dispute provided an arguable reason for denying coverage. The parties have argued both sides vehemently; however, we are in accord with the trial court in being unable to say there was no arguable reason for denial of coverage. The validity of the reasons will be tested in the breach of contract action still pending in this case."
I would affirm on the basis that the defendant had an arguable reason for the denial of plaintiff's claim and an arguable reason for not initially investigating the claim.