**LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**PELLA CORPORATION and Pella Windows and Doors, Inc., Defendants.**

No. 4:07–cv–00508–JEG.

United States District Court,
S.D. Iowa,
Central Division.

Aug. 24, 2009.

Charles W. Browning, Jeffrey C. Gerish, Lauren Beth McMillen, Danielle Perez, Plunkett Cooney, Bloomfield Hills, MI, Robert V.P. Waterman, Jr., Thomas D. Waterman, Lane & Waterman LLP, Davenport, IA, for Plaintiff.

Robin L. Cohen, Sheri E. Hametz, Keith McKenna, Kasowitz Benson Torres & Friedman LLP, New York, NY, Richard W. Lozier, Jr., Mark E. Weinhardt, Belin McCormick, P.C., Des Moines, IA, Steven J. Roman, Dickstein Shapiro LLP, Washington, DC, for Defendants.

## ORDER

JAMES E. GRITZNER, District Judge.

This matter comes before the Court on Plaintiff Liberty Mutual Insurance Company's (Liberty Mutual) motion for summary judgment, filed July 2, 2009. Defendants Pella Corporation and Pella Windows and Doors, Inc. (collectively, Pella), filed a response on July 27, 2009; and Liberty Mutual filed a reply on August 6, 2009. The matter is fully submitted and ready for disposition.

## I. BACKGROUND

This Court's May 15, 2009, Order (Clerk's No. 129) granting Pella's motion for partial summary judgment and granting in part and denying in part Liberty Mutual's motion for partial summary judgment sets forth the applicable procedural and factual background for this case. The Court will not restate that information here and refers the parties back to that Order for specifics.

In the present motion, Liberty Mutual moves for partial summary judgment in its favor dismissing the fourth cause of action in Pella's second amended counterclaims, which alleges a claim of bad faith against Liberty Mutual for refusing to pay its defense costs incurred in the Underlying Lawsuits with no "reasonable basis." Liberty Mutual argues that its coverage position is "fairly debatable," as that term is defined under Iowa law, and accordingly, Pella's bad faith claim fails as a matter of law.

## II. DISCUSSION

### A. Legal Background

#### 1. Standard for Summary Judgment

Summary judgment must be granted if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Skare v. Extendicare Health Services, Inc.*, 515 F.3d 836, 840 (8th Cir.2008). "In considering a motion for summary judgment the court does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." *Thomas v. Corwin*, 483 F.3d 516, 526–27 (8th Cir. 2007). Rather, the Court focuses "on whether a genuine issue of material fact exists for trial—an issue of material fact is genuine if the evidence is sufficient to al-

low a reasonable jury verdict for the non-moving party."[1] *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir.2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

## 2. Standard for bad faith claims

■ To prevail on a claim for an insurer's bad faith, a plaintiff must prove "(1) that the insurer had no reasonable basis for denying benefits under the policy *and,* (2) that the insurer knew, or had reason to know, that its denial was without basis." *McIlravy v. N. River Ins. Co.*, 653 N.W.2d 323, 329 (Iowa 2002) (citation omitted) (emphasis added).[2] "The first element is objective; the second is subjective." *United Fire & Cas. Co. v. Shelly Funeral Home, Inc.*, 642 N.W.2d 648, 657 (Iowa 2002) (citation omitted).

■ "A reasonable basis exists for the denial of policy benefits if the insured's claim is fairly debatable either on a matter of fact of law." *Bellville v. Farm Bureau Mut. Ins. Co.*, 702 N.W.2d 468, 473 (Iowa 2005) (citations omitted). "A claim is 'fairly debatable' when it is open to dispute on any logical basis ... [or,] [s]tated another way, if reasonable minds can differ on the coverage-determining facts or law[.]" *Id.* (citations omitted). Thus, so long as the coverage issue is "fairly debatable," it is immaterial if the insurer's coverage position is ultimately found to lack merit. *Id.*

The question of whether a claim is fairly debatable "can generally be decided as a matter of law by the court." *Id.* As explained by the Iowa Supreme Court,

> [A] court should direct a verdict for the [insurer] only when, viewing the record in the light most favorable to the claimant, there is no substantial evidence to support the elements of the claim, *i.e.*, that the insurer lacked a reasonable basis for denial and that it knew or should have known it lacked such a basis.

*McIlravy*, 653 N.W.2d at 331 (quotation omitted).

■ In order for an insurer to meet the "fairly debatable" standard, its denial of coverage must be "based on an honest and informed judgment." *Nassen v. Nat'l States Ins. Co.*, 494 N.W.2d 231, 236 (Iowa 1993). While the Court is tasked with determining the "reasonableness of an insurer's actions in denying benefits in light of the evidence in its possession" at the time of its initial denial, it must also consider "whether, at some later date, the insurer became aware that there was no reasonable basis to continue denying the [insured's] claim." *McIlravy*, 653 N.W.2d at 331 (internal quotations omitted). "[A]n incomplete investigation will not alone support recovery for bad faith if the insurer nonetheless had a reasonable basis for denial."[3] *Id.* "That is because [w]here an

---

**1.** "The mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient to persuade a reasonable jury to return a verdict for the non-moving party. *Id.* at 248, 106 S.Ct. 2505; *Wells Fargo Fin. Leasing, Inc. v. LMT Fette, Inc.*, 382 F.3d 852, 856 (8th Cir.2004).

**2.** This test was originally set forth in the Iowa Supreme Court's decision in *Dolan v. Aid Ins. Co.*, 431 N.W.2d 790, 794 (Iowa 1988) (adopting the test as set forth by the Wisconsin Supreme Court in *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 271 N.W.2d 368, 377 (1978)).

**3.** However, in some instances, bad faith may be inferred from a flawed investigation. *See McIlravy*, 653 N.W.2d at 333 (holding that where the "failure to investigate went to the very foundation of the basis of [the insurer's] denial ... a reasonable inference to be drawn

objectively reasonable basis for denial of a claim actually exists, the insurer cannot be held liable for bad faith as a matter of law." *Gardner v. Hartford Ins. Accident & Indem. Co.*, 659 N.W.2d 198, 206 (Iowa 2003) (internal quotation omitted).

### B. Analysis

■ In its counterclaim, Pella alleges that at the time Liberty Mutual filed this lawsuit, it "had no reasonable, good-faith basis for refusing to pay defense costs incurred in the Underlying Lawsuits, and [it] knew or had reason to know that its refusal to pay Pella's defense costs was without reasonable basis." Second Amended Counterclaims at ¶ 97. In the body of its counterclaims, however, Pella makes reference to only two of Liberty Mutual's several reasons for reserving its rights or denying coverage: (1) that it has no duty to reimburse Pella's defense costs unless and until it has been established that there was an actual "occurrence"; and (2) it has no duty to reimburse Pella's defense costs so long as those costs are payable by "other insurance." In so doing, Pella overlooks the fact that prior to, and throughout this litigation, Liberty Mutual set forth two additional bases for its coverage position. First, Liberty Mutual reserved its rights under the Policies with respect to the *Pappas* suit on the ground that coverage is excluded for " 'property damage' to 'your product.' "[4] *See* Def.'s App. at 58, 72. Second, Liberty Mutual reserved its rights under the Policies with respect to both of the Underlying Lawsuits on the ground that allegations of fraudulent, intentional, or knowing conduct do not constitute an "occurrence."[5] *See id.* at 46, 57, 71, 78.

Both of these coverage issues were ultimately the subject of cross-motions for partial summary judgment. In the course of motion practice, the parties agreed that the adjudication of these particular coverage positions was based on what was *alleged* in the Underlying Lawsuits and whether, if proven, these allegations created the potential for coverage under the language of the Policies and the relevant case law. While the parties certainly disagreed on what the Court's conclusion should be, there was (and is) no genuine issue of material fact with respect to these issues, and the parties agreed that it was appropriate for the Court to decide them as a matter of law.

The Court subsequently denied Liberty Mutual's motion on these particular coverage issues in its June 30, 2009, Order. By any reasonable standard, however, these issues were (and are) "fairly debatable" as a matter of law. Indeed, the Court noted in its earlier order that the question of whether coverage for the *Pappas* suit was precluded by the Policies' "your product" exclusion was "a close one." *See* June 30, 2009, Order at 5. Likewise, the question of whether either of the Underlying Lawsuits alleged an "occurrence" under Iowa law

from the [insurer's] failure to investigate further is that it knew it had no reasonable basis for denying [the insured's] claim.").

4. Liberty Mutual's most recent coverage letter with respect to the *Pappas* suit, dated July 15, 2009, "reaffirms its previous reservations of rights" set forth in its earlier coverage letters, as well as coverage positions set forth in the course of this litigation. *See* Def.'s App. at 1908–1910.

5. Indeed, in its October 24, 2007, letter in which it ultimately denied Pella's request for defense cost reimbursement for the *Saltzman* suit, Liberty Mutual referred back to its previous coverage letters, noting that it "has repeatedly (and fully) reserved its rights as to whether the *Saltzman* lawsuit constitutes, or will ever constitute, an 'occurrence' under the terms of the Liberty Mutual policies." Def.'s App. at 78.

was a difficult one and required a detailed parsing of the language of the underlying complaints themselves, as well as the relevant case law from both Iowa and Illinois. *See id.* at 6–13. While the Court ruled against Liberty Mutual on both issues, in the bad faith context the "focus is on the existence of a debatable issue, not on which party was correct." *Bellville*, 702 N.W.2d at 473–74. Accordingly, the Court finds that Liberty Mutual had a "reasonable basis" for reserving its rights (and, in the case of the *Saltzman* suit, denying coverage) under the Policies on these grounds.[6]

■ Even if the Court were to find that the two specific bases for Liberty Mutual's coverage position challenged by Pella in its counterclaims were not "fairly debatable,"[7] a claim for bad faith still would not lie. This is because the Court is not tasked with determining whether, given the same facts and circumstances, a reasonable insurer would have denied or delayed payment of a claim for *all* of the reasons that Liberty Mutual chose to do. Rather, the relevant inquiry is whether, viewing the record in the light most favorable to Pella, there is "substantial evidence" that Liberty Mutual "lacked *a* reasonable basis for denial[.]"[8] *McIlravy*, 653 N.W.2d at 331 (quotation omitted) (emphasis added). While both Pella and the Court may have questions about the subjective intent behind Liberty Mutual's various intersecting coverage positions, the question of whether any of these positions present a "reasonable basis" for its reservation of rights, or denial of coverage is an objective one. *United Fire*, 642 N.W.2d at 657 (Iowa 2002).

Accordingly, for the reasons discussed above, the Court holds that, viewing the record in the light most favorable to Pella,

---

6. The bases for denial of coverage discussed above also did not involve an incomplete or inadequate investigation on the part of Liberty Mutual such that an inference of bad faith may be drawn. *See McIlravy*, 653 N.W.2d at 333. The coverage positions that Liberty Mutual took with respect to these issues required that it look at the allegations in the underlying complaints, the language of the Policies, and the relevant case law. This is not a case, as in *McIlravy*, where the insurer rejected, without explanation, new factual evidence that did not support its position, or failed to seek additional evidence to support its position in light of the new evidence. *Id.*

7. The Court need not consider this issue in detail here. It notes, however, that for the reasons discussed in its May 15, 2009, Order, the Court has reservations about the specific coverage positions challenged by Pella—particularly Liberty Mutual's position with respect to the requirement of an "actual occurrence."

8. The Court has been unable to locate an Iowa case that specifically addresses the question of how courts are to treat an insurer's denial of coverage when it is based on multiple grounds, as in the present case. However, other courts that have considered the issue have found that any single reasonable basis for denial of a claim is sufficient to defeat a bad faith claim as a matter of law. *See, e.g., McLaughlin v. Alabama Farm Bureau Mut. Cas. Ins. Co.*, 437 So.2d 86, 91 (Ala.1983) ("If any one of the reasons for denial of coverage is at least 'arguable,' this Court need not look any further."); *Meyer v. Conlon*, 162 F.3d 1264, 1273 (10th Cir.1998) (noting that under Wyoming law, an insured must demonstrate "an absence of *a* reasonable basis for denying a claim," and finding that while the denial of the insured's claim "was supported by several 'fairly debatable grounds' . . . we need mention only two."); *Radecki v. Mut. of Omaha Ins. Co.*, 255 Neb. 224, 583 N.W.2d 320, 327 (1998) (finding that under Nebraska law, it need not consider the insured's evidence that the first ground for the insurer's denial of his claim was not reasonable, given that the second ground was). Such a result is consistent with the language found in the Iowa case law requiring that an insurer lack "*a* reasonable basis," or have "no reasonable basis" for its denial of a claim. *McIlravy*, 653 N.W.2d at 333.

there is no substantial evidence to support the elements of a bad faith claim—*i.e.* that Liberty Mutual lacked "a reasonable basis for denial." *McIlravy*, 653 N.W.2d at 331 (quotation omitted).

## III. CONCLUSION

For the foregoing reasons, Liberty Mutual's motion for summary judgment on Pella's second amended counterclaims, fourth cause of action (Clerk's No. 141), must be **GRANTED.** Liberty Mutual's Objection to Magistrate Judge's August 13, 2009, Order (Clerk's No. 159) is **DENIED as moot.** In light of this Order and the Counterclaims asserted, the Final Pretrial Conference set for September 3, 2009, and the trial set for September 14, 2009, are **CONTINUED** until further order of the Court. The parties shall advise the Court within two weeks of this Order if a Status Conference and new trial date are required.

**IT IS SO ORDERED.**