MARY McCLELLAN V. JOHN HEIN ET AL.

FILED NOVEMBER 17, 1898. No. 8376.

1. **Witnesses: CROSS-EXAMINATION: EXCEPTIONS.** An exception in relation to the allowance of improper cross-examination of a witness examined, and determined not well taken.

2. **Rulings on Evidence: DISCRETION OF COURT.** Where testimony is received without objection, and a motion is made to strike it out on the ground of its incompetency, what disposition shall be made of the motion is a matter discretionary with the court. (*Gran v. Houston*, 45 Neb. 813.)

3. **Erroneous Admission of Evidence: HARMLESS ERROR.** The admis-

McClellan v. Hein.

sion of incompetent or immaterial testimony furnishes no ground for the reversal of a judgment, if it was not prejudicial to the rights of the complaining party. (*Hanover Fire Ins. Co. v. Stoddard*, 52 Neb. 745; *Graham v. Frazier*, 49 Neb. 90; *Rightmire v. Hunteman*, 42 Neb. 119.)

4. Trial: EVIDENCE: DISCRETION OF COURT: REVIEW. The request of the plaintiff, who has closed the evidence in chief after the introduction of rebuttal evidence has been reached and is in progress, to be allowed to return to the evidence in chief, open that branch of the trial, and adduce further evidence therein, is within discretion of the trial court, and unless its ruling thereon is accompanied by an abuse of such discretion, it can furnish no reason for a reversal of the judgment.

5. ———: REBUTTAL EVIDENCE. Strictly correct practice requires rebuttal evidence to be confined to that which explains, disproves, or counteracts the evidence introduced for the adverse party, but evidence which would have been proper in chief or corroborative of portions of the evidence in chief, which is also pertinent in rebuttal, may, in the discretion of the trial court, be admitted in rebuttal.

6. Erroneous Instructions: HARMLESS ERROR. That an instruction is given which is not applicable either to the issues or evidence will not work a reversal of a judgment if the rights of the complaining party were not prejudiced.

7. Instructions: EXCEPTIONS. The exception to a portion of the instructions as a "paragraph" *held* entirely proper, and the portion to which reference was made to clearly come within the meaning of the word used.

8. Failure to Mark Instruction "Given": REVIEW. That the trial court omitted to write the word "given" on the margin of a numbered portion of its charge to the jury is no sufficient reason for the non-consideration by this court of the exception of the defeated party to such instruction, if it appears from the record that the instruction was in fact part of the charge.

9. Intoxicating Liquors: SALE: DAMAGES. Under the provisions of our statute in regard to damages caused by furnishing intoxicating liquors, it is not necessary that the liquor furnished, or any resultant intoxication, should be the sole or even principal cause of the damages. It is sufficient if it contributes to produce the injuries. (*Cornelius v. Hultman*, 44 Neb. 441; *McClay v. Worrall*, 18 Neb. 44.)

ERROR from the district court of Madison county. Tried below before SULLIVAN, J. *Reversed.*

*F. M. Cookingham* and *S. O. Campbell*, for plaintiff in error.

*Reed & Gross, contra.*

HARRISON, C. J.

Mary McClellan, in her own behalf and as next friend for her minor children, commenced this action in the district court of Madison county against John Hein, a licensed dealer in intoxicating liquors in the town or city of Madison, and the co-defendants, his sureties on his bond as such dealer, to recover damages alleged to have been suffered by plaintiff as occasioned by reason of the intoxication of her husband produced by liquors procured of the principal defendant, John Hein, in his saloon or place of business. It was pleaded that the intoxication, the cause of the damages, was of date December 31, 1892, and in this connection it was further stated: "That on the said 31st day of December, 1892, while so intoxicated as aforesaid, the said Edward D. McClellan undertook to drive his team of horses attached to a sled to his home, about fifteen miles distance from said city of Madison; that immediately upon starting from said city of Madison, said horses became nervous and frightened, and by reason of his said intoxication said Edward D. McClellan was unfit and unable to drive, manage, or control said horses, and in consequence thereof, said horses ran away, throwing said Edward D. McClellan with great force upon the ground, dragging him a great distance over rough and frozen ground, over logs and cross-walks, whereby his face was crushed and bruised, his upper jaw badly crushed, his lower jaw fractured in two places, his nose broken, and his spine injured; that by reason of his said injuries the said Edward D. McClellan is unable to breathe through his nostrils, and is unable to chew or masticate sufficient food to nourish him, and is permanently injured and totally disabled for the per-

formance of any labor whatever." The damages asserted were loss of means of support for the family.

The answer for the principal defendant consisted of an admission of the facts that he was a licensed liquor dealer in Madison, had given the bond as alleged in the petition, and that on or about the 31st day of December, 1892, the husband of Mary McClellan, Edward D. McClellan, had met with an accident and been injured, but it was alleged that such injuries resulted from a negligent and careless attempt on his part to drive a somewhat wild and unmanageable team of horses attached to a sled, of which many portions, and more especially the particular and immediate ones of the attachment or hitching of the horses, were so defectively constructed and unfit for the purpose as to be very unsafe; that when McClellan started from the city to his home, on the day mentioned, by reason of his carelessness in driving, a portion of the gearing to which the horses were hitched failed of its purpose, the team became frightened and ran away, and McClellan received the injuries the subject of complaint in the petition. It was denied that any liquor was obtained on said day of John Hein or in his place of business by Edward D. McClellan. The permanency of the injuries was also denied. For the bondsmen the answer was a general denial as to all the allegations of the petition, except the execution of the bond, which was admitted.

The trial judge stated to the jury in the instructions, and we think correctly, that the disputed questions were: Was the intoxication of McClellan at the time of the injuries of the occasioning causes of the accident in which they were received? If he was intoxicated at the time, did the defendant Hein sell or furnish to him any of the liquor which caused or contributed to such conditions? Has the plaintiff suffered damages by reason of such injuries? There was also a statement in the instructions that all questions of litigation except the three, reference to which by the court we have just

quoted, were either admitted or conclusively proven. The trial resulted in a verdict and judgment for defendants, of which the plaintiff asks a reversal.

In one assignment of error the complaint is of the allowance, in certain designated questions asked of Edward D. McClellan, of an improper cross-examination. In the argument in this court we are directed on this subject to pages 43 and 44 of the bill of exceptions. In the petition in error the eighth interrogatory on each of said pages is the one designated, and the only one to which objection was interposed. Of the one on page 43 it must be said it was an inquiry on an entirely different branch of the case than is indicated in the argument, and moreover it was not an improper question. In regard to the one on page 44, suffice it to say that it was not objected to as improper cross-examination.

Another subject of argument is that there was admitted testimony in respect to negotiations for a settlement between Edward D. McClellan and the proprietor of a saloon other than Hein, and at whose place of business it was claimed McClellan procured some of the liquor he drank on December 31. The greater portion of this testimony was received without objection, but it was moved that all of the testimony of the witnesses who gave it, on this subject, be stricken out, which motion was overruled. Whether it should sustain the motion to strike out was discretionary with the trial court, and naught but an abuse of such discretion would call for a reversal of the judgment. (*Gran v. Houston*, 45 Neb. 813.) This testimony, we think, was wholly immaterial; but in view of the issues and the manner they were presented by the instructions for the consideration of the jury, it does not seem probable or possible that any prejudice did or could result to the rights of the complainant through its reception, and the assignment of error must be overruled. (*Hanover Fire Ins. Co. v. Stoddard*, 52 Neb. 745; *Graham v. Frazier*, 49 Neb. 90; *Rightmire v. Huntman*, 42 Neb. 119.)

During the rebuttal there were called for plaintiff two witnesses, from whom it was sought to elicit that they had been in Hein's saloon on December 31, had seen Edward D. McClellan there, and that he was then and there, and by Hein or some one acting for him, furnished with intoxicating liquors. An objection that it was improper, in rebuttal to the interrogatory to each of said witnesses, in answer to which the testimony we have just outlined would have been responsive, was sustained for plaintiff. It was then asked that she be allowed to open the case in chief and introduce the testimony of these witnesses. This request was denied and the action of the trial court in this regard was assigned for and is argued as error.

Whether the plaintiff should be allowed in furtherance of justice to open the case and introduce the further testimony offered was discretionary with the trial court, and to work a reversal of the verdict and judgment there must have been an abuse of discretion elemental of the ruling. (*Omaha Real Estate & Trust Co. v. Kragscow,* 47 Neb. 592.) The matter offered was corroborative of one point in the case in chief of plaintiff,—*i. e.,* the question of whether Edward D. McClellan obtained any intoxicating liquor in Hein's saloon on December 31, and could all have been properly introduced as part of the plaintiff's evidence in chief; but it was also directly contradictory of testimony on the same point introduced for the defendants, and might properly, and without an abuse of the discretion of the trial court, have been received in rebuttal, and without error. (8 Ency. Pl. & Pr. 132; *Goodman v. Kennedy,* 10 Neb. 270.) But when the issues in litigation are considered in this connection, and that there were two vital branches thereof, a determination of either of which, independently of the other, favorably to the contention for defendants, must lead to a verdict in their favor, it becomes apparent that it cannot be soundly asserted that the ruling here was prejudicial; and this view is strengthened by the proposition that the

trial court has everything and everybody connected with the trial before it, and in many things, among which is the direction of the course and the mode of the conduct of the trial, must be allowed to determine what is proper and just, and without a clear abuse of the right or power, its decision should not be vacated. It follows that this assignment is unavailing.

It is argued that the court erred in giving in charge to the jury instructions numbered 2 and 3 requested for defendants. As we view the case, if it be conceded that these instructions were not applicable to the issues or evidence, and they probably were not, yet it must be said that it is evident no prejudice resulted from their giving, and no reversal of the judgment can be claimed successfully. (*Burlington & M. R. R. Co. v. Gorsuch*, 47 Neb. 767.)

An attack is made upon an instruction numbered 7 of the court's charge to the jury. The instruction was in the following terms: "If you find from the evidence that the accident in question would have happened whether plaintiff was drunk or sober, then, of course, the plaintiff cannot recover, and your verdict should be for the defendants; but if you find from the evidence that McClellan was intoxicated, and that the accident would not have happened but for that fact, and that the plaintiff, or her children, have been injured in their means of support, then and in that case you should find for the plaintiff, provided you further find that the defendant Hein, at his saloon in Madison, Nebraska, sold or furnished said McClellan any of the liquor that caused or contributed to his intoxication."

Before examining the questions raised in regard to the instruction we must notice some objections to the consideration of the exception, and assignment of error, under which this complaint is made, which have been presented in argument for defendants. The exception was as follows: "Plaintiff excepts to the seventh paragraph of the instruction given on court's own motion." Im-

McClellan v. Hein.

mediately after the close of the instructions the same matter was stated in substance and the word "paragraph" was employed in the same connection. In the assignment of error in reference to the same subject-matter in the motion for a new trial, likewise in the petition in error, the same term was used. It is urged for defendants that this word "paragraph," if given its true meaning, and applied to the charge of the court, would direct us to a portion thereof numbered "5," and not to what was by the court indicated as "7." There is quoted in the brief the definition of "paragraph" as given in "Webster's International Dictionary," as follows: "A distinct part of a discourse or writing; any section or subdivision of a writing or chapter which relates to a particular point, whether consisting of one or many sentences. The division is sometimes noted by the mark [¶], but usually, by beginning the first sentence of the paragraph on a new line and at more than the usual distance from the margin." Contrary to the conclusions at which counsel arrive from the application of this definition to the matter in hand, we think the arrangement made by the court, and the portion of its charge numbered "7," clearly indicated by the term "paragraph" used in the exceptions and other places to which we have referred.

It is further urged for defendants that it was a statutory duty of the court to write on the margin of each instruction read in the charge to the jury the word "given;" that there was a failure to do this as to the seventh in this case, and, inasmuch as the foregoing is true, possibly the instruction was not actually given, and plaintiff's exceptions to it should not be considered. There are several statements in the record which establish with unmistakable clearness the fact that the instruction or paragraph in question was given. Furthermore, where a party directly relies upon the failure of a trial court to write on the margin of each instruction the word "given," there must have been a specific exception for that reason at the time of the giving, and we feel constrained to hold

that where it appears that the instruction was in fact given, the failure to so mark it on the margin cannot work the non-consideration of alleged errors in it.

It is insisted for the plaintiff that the instruction is defective, in that in the opening sentence it makes direct reference to the intoxication of the "plaintiff," when doubtless it was intended to use the word "husband" after "plaintiff's" in the instruction, or "husband of" before the word "plaintiff." Whatever may have been the intention, and there can be no doubt about what it was the intention to express, it does not seem possible that the jury could read or hear the instruction without acquiring a full knowledge and understanding of its import in the particular portion to which attention is directed in this branch of the argument.

We may now pass to the consideration of the substance of the instruction. It is erroneous, in that it states a rule by which there was excluded from the consideration of the jury the intoxication of Edward D. McClellan as a contributing or assisting cause of the accident, and conveyed to that body the idea that the intoxication, if determined to exist, must be shown to be the primary or main and governing cause. This is contrary to the established doctrine in this state. Under the provision of our statute it is not necessary that the liquor furnished by the defendant be the sole or even the principal cause of the alleged injury. It is sufficient if it is a contributory cause. (*McClay v. Worrall*, 18 Neb. 44; *Cornelius v. Hultman*, 44 Neb. 441; *Gran v. Houston*, 45 Neb. 813; *Sellars v. Foster*, 27 Neb. 118.)

There are other assignments of error, but they need no discussion at this time. They are of matters the determinations of which would be of no material assistance in conducting another trial.

The judgment must be reversed for the error in the instruction and the cause remanded.

REVERSED AND REMANDED.

SULLIVAN, J., took no part in the decision.