Nettie Sacco, appellant, v. Urban Cornelius Gau et al.,
appellees.

199 N. W. 2d 605

Filed July 28, 1972.   No. 38220.

Louis T. Carnazzo and Albert C. Walsh, for appellant.

Cassem, Tierney, Adams & Henatsch, for appellees
Gau et al.

Gross, Welch, Vinardi, Kauffman, Schatz & Day, for
appellee Scapellato.

Heard before Spencer, Smith, and Newton, JJ., and
Chadderdon and C. Thomas White, District Judges.

Newton, J.

This is an action for damages for personal injuries

sustained in an automobile accident. Plaintiff was a guest passenger in an automobile operated in a northerly direction by the defendant Rose Scapellato. The accident occurred at an intersection controlled by automatic, electrically operated traffic lights. The defendant Gau, acting within the course and scope of his employment by the defendant, Byers Transportation Company, was driving west. At the conclusion of plaintiff's evidence, the court dismissed the action as to the defendant Scapellato. At the conclusion of the trial, a verdict was returned and judgment entered for the remaining defendants. We affirm the judgment of the district court.

Plaintiff's evidence reflects the foregoing facts. In addition, it shows that the Scapellato car, driven at a reasonable rate of speed, approached the intersection, stopped for a red light, and then proceeded. The driver states she did not see the Gau car prior to the impact and her car was struck on the right side. Plaintiff also called defendant Gau who stated he entered the intersection at a speed not exceeding 20 miles per hour; he saw the Scapellato car when a short distance from the intersection; and the light was green for westbound traffic. On seeing the Scapellato car entering the intersection, he applied his brakes and left skid marks 20 feet in length. Her car was going about 20 miles per hour. The plaintiff testified that the Scapellato car stopped for a red light at the intersection and entered it when the light changed to green. She was going about 15 miles per hour at the time of the accident. A police officer stated that the Gau car left 31 feet of skid marks and was told by Gau he had been going 25 miles per hour. He also stated that defendant Scapellato said she was going 5 to 10 miles per hour.

On this state of the record, the court sustained the motion of the defendant Scapellato to dismiss the case as to her. The evidence is barren of any proof of negligence on the part of this defendant except for the

statement of the defendant Gau regarding right-of-way made in contradiction of all the other witnesses, including the plaintiff herself. In other words, the only evidence of negligence on the part of defendant Scapellato is the evidence of Gau to the effect that she ran a red light and this is denied by plaintiff's own testimony. Ordinarily " "* * * a party is entitled to the benefit of the testimony of other witnesses in contradiction of his own, wherever his own is not of the character of a judicial admission, and concerns only some evidential or constituent circumstance of his case. This is especially so as to the circumstances of an accident or similar event, because in such a case the party's testimony is especially subject to inexactness of observation and memory.' " Vermaas v. Heckel, 170 Neb. 321, 102 N. W. 2d 647.

On the other hand, this court has held that: "Where a party testifies clearly and unequivocally to a fact which is within his own knowledge, such testimony may be considered as a judicial admission. That rule has particular application where the party so testifying made no effort to retract, qualify, or otherwise explain the positive force of his own evidence." Southwestern Truck Sales & Rental Co. v. Johnson, 165 Neb. 407, 85 N. W. 2d 705.

In the present instance, plaintiff's petition alleges that defendant Gau entered the intersection against a red light, but does not allege that defendant Scapellato negligently did so or violated any rule pertaining to right-of-way. Under these circumstances it appears plaintiff was not entitled to a submission of the question of gross negligence on the part of the defendant Scapellato and that the court was correct in dismissing the case as to this defendant. Furthermore, violation of a stop light, standing alone, is not sufficient to prove gross negligence. See, Callen v. Knopp, 180 Neb. 421, 143 N. W. 2d 266; Brugh v. Peterson, 183 Neb. 190, 159 N. W. 2d 321, 29 A. L. R. 3d 236.

After plaintiff rested, the defendant Gau adduced evidence indicating that he had the right-of-way with a green light. Plaintiff then sought to introduce, by the testimony of other witnesses, evidence that Gau had entered the intersection against a red light. The court sustained an objection made on the ground that the evidence offered was improper rebuttal testimony. Plaintiff alleged this fact as one ground of negligence and evidence of it was part of her case-in-chief. The admission in rebuttal of testimony which should have been offered in chief rests in the sound discretion of the court. See, McClellan v. Hein, 56 Neb. 600, 77 N. W. 120; Hutchinson v. Western Bridge & Constr. Co., 97 Neb. 439, 150 N. W. 193; Mutz v. Sanderson, 94 Neb. 293, 143 N. W. 302.

The court, in its instructions, gave the following: "No person shall drive or operate a vehicle upon a street at a rate of speed greater than is reasonable and prudent, having due regard for the traffic, surface, width, and condition of the road, and the hazard at intersections." The jury was not instructed that plaintiff charged defendant Gau with negligence due to unreasonable speed. There is no contention that defendant Gau's speed was in violation of the speed limit, only that it was an "unreasonable and excessive rate of speed under the circumstances then existing of (25) miles per hour, whereby he forfeited any right of way he might otherwise have had." The allegation is in a manner of speaking double-barreled but appears to be aimed at the question of right-of-way rather than that of negligent speed. At the time of this accident, section 39-751, R. R. S. 1943, governing right-of-way at open or unprotected intersections provided that a driver traveling at an unlawful speed forfeited the right-of-way. That subsection of the statute has since been deleted. It was not applicable in the present case. There is no evidence of unlawful, excessive, or unreasonable speed on the part of defendant Gau. He was driving

at a normal rate of speed and had a right to assume, if he had the right-of-way, that other drivers would respect his right-of-way and not run a red light. If this occurred, by the time he became aware of that fact, it was too late for him to avoid the accident. Ordinarily issues regarding speed, lookout, and control are for determination by the jury. See Zavoral v. Pacific Intermountain Express, 178 Neb. 161, 132 N. W. 2d 329. One ground on which that case was reversed was the failure to submit a disputed question of unlawful speed to the jury. Evidence as to which motor vehicle had the right-of-way at the intersection controlled by automatic lights was also in conflict. There was evidence that one was traveling at a speed exceeding the speed limit and although the verdict favored this motorist, it was held that even if he had the right-of-way, he could be held negligent due to excessive speed. In this respect, that case differs from the present one.

Since the court submitted the question of right-of-way, it is evident that the jury in rendering a verdict for defendant Gau found that he had the right-of-way. There is no contention that he violated the speed limit or was driving at an abnormal rate of speed. The only remaining question in this regard pertains to whether or not his speed was negligent under the circumstances then existing. We do not believe that the mere fact an accident occurs is sufficient to find one negligent in this respect. Negligence is defined as doing something which an ordinary, prudent person would not have done under similar circumstances or failing to do something which an ordinary, prudent person would have done under similar circumstances. See NJI No. 3.02.

Defendant Gau entered the intersection at a moderate rate of speed in response to a green light giving him the right-of-way as against crossing vehicles not already in the intersection. He was maintaining a reasonable

lookout, as evidenced by the fact he saw the Scapellato car before it entered the intersection, and he exercised reasonable control of his automobile by locking the brakes immediately on becoming aware of the fact that the Scapellato car had failed to stop and yield the right-of-way.

In view of the fact that Gau was entitled to assume that the Scapellato car would stop for the red light and could not reasonably have been expected to avoid the accident when it failed to do so, we cannot perceive wherein he was negligent. What did he do or fail to do that an ordinary, prudent motorist would or would not have done? The answer is nothing. He simply drove at a speed and under such circumstances as to lookout and control as were being followed by all other motorists using the same intersection. For similar cases see: Schultheis v. Levin, 372 Pa. 513, 94 A. 2d 740; Call Carl, Inc. v. Deadwyler (D. C.), 187 A. 2d 701; State v. Marvil Package Co., 202 Md. 592, 98 A. 2d 94; Sun Cab Co., Inc. v. Cusick, 209 Md. 354, 121 A. 2d 188; Robinson v. Ferguson, 105 Ohio App. 311, 149 N. E. 2d 152; Larson v. Evans, 12 Utah 2d 245, 364 P. 2d 1088; Texas-Arizona Motor Freight, Inc. v. Mayo, 70 Ariz. 323, 220 P. 2d 227; Wilson v. Overbey, 223 Ore. 256, 354 P. 2d 319; Loving v. Whitton, 241 N. C. 273, 84 S. E. 2d 919; Weil v. Longyear, 263 Mich. 22, 248 N. W. 536; McGuire v. Rabaut, 354 Mich. 230, 92 N. W. 2d 299.

His *speed* was not a proximate cause of the accident. The actual or proximate cause was that one or the other of the drivers concerned disobeyed the traffic signals. Instructions must be confined to issues supported by the evidence. See Lund v. Mangelson, 183 Neb. 99, 158 N. W. 2d 223.

Plaintiff's complaint of a failure to further instruct on speed and consequent forfeiture of right-of-way is without merit.

Plaintiff maintains that instructions on concurrent

negligence and defendant Gau's liability thereunder were inadequate. We cannot agree. Standard instructions defining proximate cause and result and concurring cause were given. See NJI Nos. 3.41 and 3.42.

In another instruction, the court set out the elements which plaintiff was required to prove and therein included the following: "That the negligence of Urban Cornelius Gau, if any, was the proximate cause of the accident; or that the negligence of the said Urban Cornelius Gau concurred or combined in any degree, if any, with the negligence of Rose Caniglia Scapellato, the driver of the car in which the plaintiff was riding as a passenger, and was a proximate cause of the collision. * * *

"If the plaintiff has established by a preponderance of the evidence all of the above-numbered propositions, then your verdict will be for the plaintiff and against the defendants in the amount of such damages."

The instructions appear to be clear and to adequately explain the elements of proximate cause and concurrent negligence. "Instructions given to a jury must be construed together, and if when considered as a whole they properly state the law, that is sufficient." Lucht v. American Propane Gas Co., 183 Neb. 583, 162 N. W. 2d 891.

Plaintiff also contends that the evidence is insufficient to sustain the verdict or a finding that defendant Gau entered the intersection with a green light. This assignment of error is without merit. The defendant Gau and two other witnesses, one driving behind the Gau car and the other behind the Scapellato car, testified unequivocally that Gau had the right-of-way. The evidence was sufficient so that a jury might well have found this to have been the case and to justify a verdict for the defendant.

The judgment of the district court is affirmed.

AFFIRMED.