JOANN DOLBERG, APPELLANT, V. MOLLY PALTANI AND ERICKSON & SEDERSTROM, A CORPORATION, APPELLEES.

549 N.W.2d 635

Filed June 14, 1996.   No. S-94-605.

Julianne M. Dunn for appellant.

Dan H. Ketcham and Amy Sherman LaFollette, of Hansen, Engles & Locher, P.C., for appellee Paltani.

Christopher J. Tjaden, of Gross & Welch, P.C., for appellee Erickson & Sederstrom.

WHITE, C.J., FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Joann Dolberg brought a negligence action against Molly Paltani and her employer, Erickson & Sederstrom, for injuries that Dolberg received in a car accident with Paltani. The jury rendered a verdict in favor of both defendants. Dolberg appeals. Because we conclude that Dolberg was prejudiced by

the trial court's submission of the issue of contributory negligence and erroneous instructions to the jury, we reverse.

## FACTUAL BACKGROUND

This case involves an automobile collision that occurred on April 3, 1992, at the intersection of 25th and Douglas Streets in Omaha, Nebraska. At this intersection, Douglas Street is a four-lane eastbound one-way road, while 25th Street is a three-lane southbound one-way road. The intersection is controlled by a traffic light. Immediately preceding the accident, Dolberg was driving east on Douglas Street in the middle lane left of center, approaching the intersection with 25th Street. Paltani was proceeding south in the middle lane of 25th Street, approaching Douglas Street. On the northwest corner of the intersection of 25th and Douglas Streets is a parking lot; however, there is no testimony in the record to establish whether there were cars parked there at the time of the accident.

Jack Cook, who was operating a pickup truck approximately 1½ to 2 car lengths behind Dolberg, testified that as he began to approach the intersection at 25th Street, he saw the car operated by Paltani and ascertained that she was not going to stop at the traffic light. Cook applied his brakes and avoided entering the intersection, but witnessed the collision between Dolberg and Paltani. Cook testified that Paltani must have run a red light because the traffic light for Douglas Street was green.

Neither Dolberg nor Paltani saw the other before their collision. Dolberg testified that the light controlling traffic on Douglas Street was green, while Paltani testified that she did not remember the color of the light controlling traffic on 25th Street. When they collided in the intersection, the front end of Dolberg's car struck the right rear wheel area of Paltani's car. Dolberg testified that after the collision, she had a headache and her neck and shoulders hurt. Although she was offered the services of a rescue squad, she refused.

At trial, Dolberg and Paltani adduced conflicting medical testimony on the extent of Dolberg's injuries, which is not relevant to the disposition of this case. At the conclusion of the evidence, the court determined as a matter of law that Paltani

was negligent and was acting within the scope of her employment with Erickson & Sederstrom, her employer at the time of the accident. During the instruction conference, Dolberg raised an objection to two instructions, Nos. 7 and 10. However, the court overruled these objections and gave the instructions. The jury rendered a verdict in favor of both defendants.

## ASSIGNMENTS OF ERROR

Dolberg assigns 13 errors. In light of our decision, we will discuss only four of Dolberg's assigned errors: The district court erred in (1) refusing to direct a verdict against the defendants, (2) submitting the issue of contributory negligence to the jury, (3) instructing the jury on the effect of the violation of a statute or ordinance, and (4) failing to define "efficient intervening cause" when that term was included in the instructions.

## STANDARD OF REVIEW

A directed verdict is proper at the close of all the evidence only where reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, where an issue should be decided as a matter of law. *Floyd v. Worobec*, 248 Neb. 605, 537 N.W.2d 512 (1995).

In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Hamernick v. Essex Dodge Ltd.*, 247 Neb. 392, 527 N.W.2d 196 (1995); *Scharmann v. Dayton Hudson Corp.*, 247 Neb. 304, 526 N.W.2d 436 (1995); *Sindelar v. Canada Transport, Inc.*, 246 Neb. 559, 520 N.W.2d 203 (1994).

## ANALYSIS

### FAILURE TO DIRECT VERDICT AGAINST DEFENDANTS

Dolberg assigns that the court erred in failing to direct a verdict of liability against each defendant. Dolberg argues that the court found Paltani to be negligent as a matter of law and that therefore the defendants were liable. However, deciding that a party is negligent as a matter of law does not equate to

a finding that the defendant is liable. See *Davis v. Phillips*, 215 Neb. 184, 337 N.W.2d 754 (1983) (finding court's refusal to direct verdict on liability proper when issue of contributory negligence is before jury).

In order to succeed in an action based on negligence, a plaintiff must establish the defendant's duty not to injure the plaintiff, a breach of that duty, proximate causation, and damages. *Hill v. City of Lincoln*, 249 Neb. 88, 541 N.W.2d 655 (1996); *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs.*, 248 Neb. 651, 538 N.W.2d 732 (1995); *S.I. v. Cutler*, 246 Neb. 739, 523 N.W.2d 242 (1994). A finding of negligence as a matter of law equates to a finding that the plaintiff has established the first two of those four elements. However, the issues of causation and damages remain for the jury's determination. See *Vredeveld v. Clark*, 244 Neb. 46, 504 N.W.2d 292 (1993).

It is undisputed that Paltani violated her obligation to stop at the red light and to yield the right-of-way to Dolberg. The court decided this issue as a matter of law. What remains for resolution is whether Paltani's negligent act resulted in any harm to Dolberg. We have held that determination of causation is, ordinarily, a matter for the trier of fact. *Merrick v. Thomas*, 246 Neb. 658, 522 N.W.2d 402 (1994). As the issues of causation and damages must go to the jury, the trial court did not err in failing to direct a verdict of liability, which would require the court to usurp the fact finder's role.

### SUBMITTING CONTRIBUTORY NEGLIGENCE TO JURY

Dolberg assigns that the court erred in submitting the issue of contributory negligence to the jury. As Dolberg asserts, when contributory negligence is pled as a defense and there is no competent evidence to support it, it is prejudicial error to submit to the jury issues involving contributory and comparative negligence. *Center State Bank v. Dana, Larson, Roubal & Assoc.*, 226 Neb. 408, 411 N.W.2d 635 (1987).

Dolberg essentially claims that there was no possibility that she was contributorily negligent because she had a green light at the time of the collision. Neb. Rev. Stat. § 60-6,123(1)(a) (Reissue 1993) provides:

Vehicular traffic facing a circular green indication may proceed straight through or turn right or left unless a sign at such place prohibits either such turn, but vehicular traffic, including vehicles turning right or left, shall yield the right-of-way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such indication is exhibited.

Pursuant to § 60-6,123, a driver approaching a green traffic light is in the privileged position. However, we have previously held that intersection right-of-way is a qualified, not absolute, right to proceed through an intersection, exercising due care, in a lawful manner in preference to another vehicle. *Herman v. Lee*, 210 Neb. 563, 316 N.W.2d 56 (1982); *Reese v. Mayer*, 198 Neb. 499, 253 N.W.2d 317 (1977). See, also, *Floyd v. Worobec*, 248 Neb. 605, 537 N.W.2d 512 (1995). We have also held that "although one in a favored position may assume, until he has warning, notice, or knowledge to the contrary, that others will use a highway lawfully, he must nonetheless keep a proper lookout and watch where he is driving." *Burrows v. Jacobsen*, 209 Neb. 778, 780, 311 N.W.2d 880, 883 (1981). In fact, we recently held, with regard to a road protected by stop signs, that a driver approaching an intersection is not in a favored position and entitled to proceed merely because that driver has the right-of-way. *Floyd v. Worobec, supra.*

We have also examined the question of whether a motorist was contributorily negligent in failing to recognize that another motorist would not stop. In *Steinauer v. Sarpy County*, 217 Neb. 830, 353 N.W.2d 715 (1984), a dumptruck failed to yield the right-of-way to another motorist. Although we stated that "we are not prepared to say that the driver of a motor vehicle must slow down at every intersection in anticipation that the driver of the vehicle on the nonfavored street is about to commit a negligent act," we also recognized that even a driver on a favored highway must keep a proper lookout. *Id.* at 840, 353 N.W.2d at 722. Furthermore, in *Sacco v. Gau*, 188 Neb. 808, 199 N.W.2d 605 (1972), a car and a truck collided in an urban intersection controlled by a traffic signal; however, each party claimed to have a green light. Nevertheless, we

found the evidence sufficient to sustain a finding that Gau had a green light, because two witnesses corroborated Gau's account that he had the green light. In discussing the issue of whether Gau was operating at a lawful speed, we noted that Gau "had a right to assume, if he had the right-of-way, that other drivers would respect his right-of-way and not run a red light." *Id.* at 812, 199 N.W.2d at 608. Additionally, we noted, "In view of the fact that Gau was entitled to assume that the Scapellato car would stop for the red light and could not reasonably have been expected to avoid the accident when it failed to do so, we cannot perceive wherein he was negligent." *Id.* at 813, 199 N.W.2d at 609.

Under § 60-6,123, a driver with a green light must yield the right-of-way to other vehicles and pedestrians lawfully within the intersection. We recognize that we have previously said that the motorist's right-of-way is subject to the rights of those already in the intersection. See, *Graves v. Bednar*, 171 Neb. 499, 107 N.W.2d 12 (1960); *Styskal v. Brickey*, 158 Neb. 208, 62 N.W.2d 854 (1954); *Laurinat v. Giery*, 157 Neb. 681, 61 N.W.2d 251 (1953). However, in each of these cases, there was evidence that the vehicle "already" in the intersection entered the intersection lawfully. Therefore, our previous holdings do not contradict the statutorily imposed duty to yield to those lawfully within the intersection.

However, Paltani did not enter the intersection lawfully. In light of the uncontroverted testimony that the light for Douglas Street was green, the trial court decided that Paltani ran the red light and was therefore negligent as a matter of law. Because she ran the red light, Paltani was not lawfully in the intersection. Again, it is undisputed that Dolberg had the green light. Paltani is asserting neither that she had the green light nor that she entered the intersection on a steady yellow, could not stop safely, and was thereby authorized to proceed cautiously. See § 60-6,123(2)(a). However, § 60-6,123 does not delineate the duty of a driver approaching a vehicle or pedestrian unlawfully in the intersection. Therefore, we must determine the duty of a driver with a green traffic light to keep a lookout for vehicles entering the intersection unlawfully from a cross street.

We hold that absent exceptional circumstances, a motorist on a favored street with a green light does not have the duty to anticipate the negligence of a motorist on a cross street who runs a red light. By exceptional circumstances, we mean where the driver could have easily avoided the accident by exercising the slightest degree of care. As no such extreme circumstances were present in this case, there was not sufficient evidence to support the court's submission of the issue of contributory negligence to the jury. By submitting the issue of contributory negligence to the jury, the court committed prejudicial error.

### INSTRUCTION ON VIOLATION OF STATUTE OR ORDINANCE

Dolberg also alleges that the court erred in giving instruction No. 10 to the jury. Instruction No. 10 states:

> The violation of a statute or ordinance, if you so find, does not necessarily establish negligence. The violation is evidence of negligence which you may consider, along with all the other facts and circumstances, in deciding whether or not there was negligence proximately causing or contributing to cause an accident.

Dolberg alleges that this instruction was improperly submitted to the jury because there was no evidence that Dolberg violated a statute or ordinance. Dolberg argues that this instruction could only relate to Paltani's conduct in running a red light and that because her negligence was established as a matter of law, there was no need for this instruction. However, Paltani contends that the court gave instruction No. 10 because instruction No. 7 mentions the duty to exercise reasonable care. She argues that instruction No. 10 indicates that if Dolberg violated her duty to keep a proper lookout, the violation was only evidence of negligence and would not establish contributory negligence on her part.

We conclude that the court erred in giving this instruction. Paltani's negligence was established as a matter of law; therefore, no instruction on the effect of the violation of a statute was necessary. Furthermore, even if Dolberg failed to keep a proper lookout, this conduct may have been negligent, but was not a violation of a statute or ordinance.

In an appeal based on the claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Hamernick v. Essex Dodge Ltd.*, 247 Neb. 392, 527 N.W.2d 196 (1995); *Scharmann v. Dayton Hudson Corp.*, 247 Neb. 304, 526 N.W.2d 436 (1995); *Sindelar v. Canada Transport, Inc.*, 246 Neb. 559, 520 N.W.2d 203 (1994). However, we note that it is more than mere probability that an instruction on a matter not an issue in the litigation distracts a jury in its effort to answer legitimate, factual questions raised during trial. *Farmers & Merchants Bank v. Grams, ante* p. 191, 548 N.W.2d 764 (1996); *Long v. Hacker*, 246 Neb. 547, 520 N.W.2d 195 (1994). We conclude that by giving instruction No. 10, the court prejudiced Dolberg. By instructing the jury both that Paltani was negligent as a matter of law and that the violation of a statute was only evidence of negligence, the court created a contradiction in the instructions. Conflicting instructions are erroneous unless it appears that the jury was not misled. *Hamernick v. Essex Dodge Ltd., supra.* Finding no violation of statute on the part of Dolberg, the jury could only have concluded that instruction No. 10 applied to Paltani, when the issue of her negligence was not at issue in the case.

## CONCLUSION

We conclude that Dolberg's substantial rights were prejudiced by the court's erroneous instruction and its submission of the issue of contributory negligence to the jury. Therefore, we reverse, and remand for a new trial. As we find that a new trial is necessary, we need not reach Dolberg's remaining assigned errors.

REVERSED AND REMANDED FOR A NEW TRIAL.

CAPORALE, J., participating on briefs.